# FILED

29
Exh A

**DEC 22 2004**

U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT, MICHIGAN
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DETMAR FINKE,

        Plaintiff,

v.

BOARD OF TRUSTEES OF KIRTLAND
COMMUNITY COLLEGE, and KIRTLAND
COMMUNITY COLLEGE,

        Defendant/Third-Party Plaintiff,

v.

RICHARD SILVERMAN,

        Third-Party Defendant.

_____/

Case No. 04-10102

Hon. David M. Lawson
Magistrate Judge Charles E. Binder

WHITE, SCHNEIDER, YOUNG & CHIODINI, P.C.
BY: JEFFREY S. DONAHUE (P48588)
Attorneys for Plaintiff
2300 Jolly Oak Rd.
Okemos, MI 48864
(517) 349-7744

THRUN LAW FIRM, P.C.
BY: RAYMOND M. DAVIS (P60428)
CULLEN B. CASEY (P67552)
Attorneys for Defendant/Third-Party Plaintiff
501 S. Capitol Ave., Suite 500
P.O. Box 40699
Lansing, MI 48901-7899
(517) 484-8000

HELVESTON & HELVESTON, P.C.
BY: MARY ANNE M. HELVESTON (P37653)
Attorneys for Third-Party Defendant
65 Cadillac Square, Rm. 3327
Detroit, MI 48226
(313) 963-7220 _____/

**DEFENDANT/THIRD-PARTY
PLAINTIFF'S BRIEF IN OPPOSITION
TO THIRD-PARTY DEFENDANT'S
MOTION TO DISMISS**

THRUN LAW FIRM, P.C.

## TABLE OF CONTENTS

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Concise Statement of Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Controlling or Most Appropriate Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Mr. Silverman Is an "Employer" Pursuant to the FLSA . . . . . . . . . . . . . . . . 2

    C.    Disposition of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument:

    A.    Mr. Silverman Qualifies as an "Employer" Under
        the Definition of the FLSA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    Rorie's "Declaration" Must Be Considered If
        "Silverman's Declaration" Is Considered . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.    As an "Employer," Mr. Silverman is Liable for
        Indemnification or Contribution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.    Equity Demands that Federal Courts Allow for
             Indemnification or Contribution against Mr. Silverman . . . . . . . . . . . 8

        2.    Michigan Law Recognizes the College's Right to Identification . . . . 10

        3.    Michigan Law Recognizes the College's Right to Contribution . . . . . 11

    D.    The College's State Law Claims Arise Under the Same Case
        and Controversy as Plaintiff's FLSA Claim . . . . . . . . . . . . . . . . . . . . . . . 12

Relief Requested . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

<u>CASES</u>                                                                              <u>Page Nos.</u>

*Ammerman v. Sween*,
    54 F.3d 423, 424 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Andrews v. Ohio*,
    104 F.3d 803, 806 (6th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi, 3

*Barrett v. Harington*,
    130 F.3d 246, 252 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi, 7

*Bergstrom v. University of New Hampshire*,
    943 F. Supp 130, 135 (D. N.H. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

*Berry v. City of Belleville*,
    178 Mich. App. 541, 549-550 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 12

*Bruce v. City of Middletown*,
    781 F. Supp. 1013, 1016-1017 (S.D. N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Bureerong v. Uvawas*,
    922 F. Supp. 1450, 1467 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Cameron v. Seitz*,
    38 F.3d 264, 270 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv, 3

*Canjura v. Able Serv. Contractors Inc.*,
    866 F. Supp. 258, 261 (D. Md. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9-10

*Cutter v. Massey-Ferguson Inc.*,
    114 Mich. App. 28, 33 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Dole v. Elliott Travel & Tours, Inc.*,
    942 F.2d 962, 965 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi, 3

*Donovan v. Agnew*,
    712 F.2d 1509, 1514 (1st Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Donovan v. Sabine Irrigation Co.*,
    695 F.2d 190, 195 (5th Cir. 1983), *cert. denied*, 463 U.S. 1207 (1983) . . . . . . . .  5, 9

THRUN LAW FIRM, P.C.

*Falk v. Brennan,*
    414 U.S. 190, 195 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv, 5

*Grimes v. Mazda North American,*
    355 F.3d 566, 571 (6th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12-13

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
    926 F.2d 1406, 1409 (3rd Cir. 1991), *cert. denied,* 501 U.S. 1222 (1991) . . . . . . . . 3

*Langley v. Harris Corp.,*
    413 Mich. 592, 597 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Maldonado v. Lucca,*
    636 F. Supp 621 (D. N.J. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Marks v. Newcourt Credit Group Inc.,*
    342 F.3d 444, 451 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 3

*Promisel v. First American Artificial Flowers,*
    943 F.2d 251, 254 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*San Pedro Hotel Co., Inc. v. City of Los Angeles,*
    159 F.3d 470, 477 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Rockefeller Ctr. Props Sec. Litig.,*
    184 F.3d 280, 287-289 (3rd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tahash v. Flint Dodge Co.,*
    399 Mich. 421, 425-426 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*Truck Ins. Exchange v. Board of County Road Comm'rs. of Montcalm County,*
    244 F. Supp. 782, 784 (W.D. Mich, 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*United Bhd. of Carpenters and Joiners of America v.*
    *Ohio Carpenters Health and Welfare Fund,*
    926 F.2d 550, 558 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United Capitol Ins. Co. v. Kapiloff,*
    155 F.3d 488, 493 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United Mine Workers v. Gibbs,*
    383 U.S. 715, 725 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

THRUN LAW FIRM P.C.

*United States Dept. of Labor v. Cole Enter,*
  62 F.3d 775, 778-79 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 5

## COURT RULES

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 2-3, 6-8

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7-8

## STATUTES

Mich. Comp. Laws Ann. § 600.2925a(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

28 U.S.C. §1367(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

29 U.S.C. § 203(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

THRUN LAW FIRM, P.C.

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  Is Silverman an "employer" as defined by the Fair Labor Standards Act?

Defendant/Third-Party Plaintiff answers: YES

II. Is Kirtland College entitled to indemnification or contribution from Silverman?

Defendant/Third-Party Plaintiff answers: YES

III. Should this Court exercise supplemental jurisdiction over the College's state law claims?

Defendant/Third-Party Plaintiff answers: YES

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Defendant/Third-Party Plaintiff request that this Court deny Third-Party Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

First, under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Kirtland College (the "College"), accept all factual allegations of the College as true, and draw all reasonable inferences in the College's favor. *Marks v. Newcourt Credit Group Inc.*, 342 F.3d 444, 451 (6th Cir. 2003); *Andrews v. Ohio,* 104 F.3d 803, 806 (6th Cir.1997). Third-Party Defendant's motion should be denied as there does exist numerous facts evidencing the College's entitlement to relief. *Id.* at 452. (*quoting Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)).

Second, the College has decisively proven that Third-Party Defendant qualifies as an employer under the definition of the FLSA. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). Third-Party Defendant clearly qualifies as an employer as the term employer is expansively interpreted by courts and Mr. Silverman exhibited similar characteristics of an employer as those examined by other courts. *Falk v. Brennan*, 414 U.S. 190, 195 (1973); *United States Dept. of Labor v. Cole Enter,* 62 F.3d 775, 778-79 (6th Cir. 1995).

Third, the declaration of Third-Party Defendant should be disregarded as it falls outside the pleadings. *Barrett v. Harington*, 130 F.3d 246, 252 (6th Cir. 1997). If this Court considers Third-Party Defendant's declaration, the motion shall be converted to a motion for summary

judgment. *United Bhd. of Carpenters and Joiners of America v. Ohio Carpenters Health and Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991).

Fourth, Third-Party Defendant is liable for indemnification or contribution as Mr. Silverman's actions may result in liability being imposed on the College. *Tahash v. Flint Dodge Co.*, 399 Mich. 421, 425-426 (1976). The College, seeks its right under Michigan law for indemnification for the negligent actions of Richard Silverman. *Truck Ins. Exchange v. Board of County Road Comm'rs. of Montcalm County*, 244 F. Supp. 782, 784 (W.D. Mich, 1965). The College is also asserting their statutory right by seeking contribution from Mr. Silverman for those damages he has caused or contributed to as a "joint-employer" having joint and several liability. *Berry v. City of Belleville*, 178 Mich. App. 541, 549-550 (1989).

Finally, supplemental jurisdiction exists over the College's third-party complaint. *Grimes v. Mazda North American*, 355 F.3d 566, 571 (6th Cir. 2004). The College's claims derive from a common nucleus of operative facts and all claims would normally be expected to be tried in a single proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

# I. STATEMENT OF FACTS

## A. Nature of the Case.

This case arises from an alleged Fair Labor Standards Act ("FLSA") wage and hour claim brought by Plaintiff Detmar Finke, a former employee of Kirtland Community College (the "College"). Mr. Finke is a personal friend of former College Vice President Richard Silverman, the Third-Party Defendant in this matter. (Rorie Decl. at ¶ 3).[1] When Mr. Finke needed employment, Mr. Silverman hired him to perform computer work. (*Id.* at ¶ 4). Mr. Silverman set the pay, set the hours, and "supervised" his friend without first receiving authorization for those acts by the College's board or anyone authorized by the board to do so. (*Id.*). Mr. Silverman also allowed Mr. Finke to work from home with an unlisted phone number, while unsupervised and without any record of any work being performed. (*Id.* at ¶ 6).

When the College learned about this situation, Mr. Finke's employment was terminated because he refused to work at the College facility instead of at home. (*Id.* at ¶ 6). Finke, in turn, filed a FLSA claim alleging that he was entitled to overtime for working more than 40 hours per week with the work purportedly assigned by Mr. Silverman and allegedly performed by Mr. Finke.

On September 7, 2004, the College filed its Third-Party Complaint against the Third-Party Defendant because he was totally responsible for hiring and setting the terms of conditions of employment for Mr. Finke. If Plaintiff's allegations are true, Mr. Silverman

---

[1] A declaration of College President, Dr. Charles Rorie is attached hereto and incorporated herein by reference (Exhibit A).

breached his employment contract and fiduciary obligation to the College, and if true, his actions violated the FLSA. Mr. Silverman accepted service of the Third-Party Complaint on September 27, 2004.

## B.     Mr. Silverman Is an "Employer" Pursuant to the FLSA.

The Third-Party Complaint alleges that Mr. Silverman is the former Dean of Instruction and Educational Services for the College. (Third-Party Complaint at ¶ 4). In this position, Mr. Silverman was an "employer" of Mr. Finke under the definition of the FLSA, and therefore was responsible in whole or in part, for any alleged violation that is found to exist. (*Id.* at ¶ 9). If the allegations alleged by Mr. Finke are found to be true, it is indisputable that Mr. Silverman caused or contributed to the damages because Mr. Silverman hired and supervised, on his own accord. (*Id.* at ¶¶ 13-14, 16).

## C.     Disposition of Proceedings.

Mr. Silverman accepted service of the Third-Party Complaint on September 27, 2004. On October 18, 2004, Mr. Silverman filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") alleging that the College's Third-Party Complaint against Richard Silverman fails to state a claim upon which relief can be granted. The College was served with Mr. Silverman's motion on October 21, 2004. Subsequently, Mr. Silverman filed an amended motion to dismiss on November 5, 2004. The parties stipulated that the college had until December 2, 2004 to respond.

In an attempt to win this motion, Mr. Silverman filed a declaration alleging new "facts" in an attempt to convince the court that he was not an "employer" within the meaning of the FLSA.

2

Mr. Silverman's submission, if accepted, essentially transforms his motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c). Attached is a declaration from the College's President which materially rebuts Mr. Silverman's new factual assertions.

## II. **STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the party moving for dismissal has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir. 1991), *cert. denied,* 501 U.S. 1222 (1991). A court deciding whether to grant a Rule 12(b)(6) motion, must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and draw all reasonable inferences in plaintiff's favor. *Marks v. Newcourt Credit Group Inc.,* 342 F.3d 444, 451 (6th Cir. 2003); *Andrews v. Ohio,* 104 F.3d 803, 806 (6th Cir.1997). Moreover, a Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 452. (*quoting Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir. 1994)).

## III. **ARGUMENT**

Third-Party Defendant Richard Silverman was a "joint-employer" of Plaintiff Detmar Finke, and to the extent Plaintiff's claims have legal merit, Mr. Silverman has caused or contributed to the damages alleged to have been suffered by Plaintiff. Furthermore, it is well settled that this Court has supplemental jurisdiction over the College's Third-Party Complaint.

3

## A. Mr. Silverman Qualifies as an "Employer" Under the Definition of the FLSA.

The FLSA defines the term "employer" broadly in order to encompass "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d). Additionally, the term "person" has been broadly defined under the FLSA to include an "individual." *Id.* at 203(a). Thus, courts have held that any individual whether a corporate officer, participating shareholder, supervisor, manager, or other employee, may be named as a defendant in a FLSA action where that individual exercises some supervisory authority over employees and is responsible in whole or part for the alleged violation. *See, Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983) (deciding that corporate officers who controlled employee compensation were employers); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (extending liability to a corporate officer); *Bergstom v. University of New Hampshire*, 943 F. Supp 130, 135 (D. N.H. 1996) (extending liability to a university technical supervisor). Courts have held that a determination of whether an individual qualifies as an "employer" is a factual determination that must be made on a case-by-case basis. Kearns, *The Fair Labor Standards Act* (Washington D.C.: BNA Books, 1999), p. 1177.

Expansively interpreted by courts, the term "employer" has been defined as any individual with managerial responsibilities and substantial control of the terms and conditions of an employee. *Donovan*, 712 F.2d at 1514. Courts have followed an "economic reality" approach in deliberating on an individual's "employer" status and inquired into the "purported employer's job description, financial interest in the workplace, involvement in decisions affecting the plaintiff's employment terms, conditions and compensation, and relative operational control

4

in the workplace. *See, Id.* at 1510-11; *United States Dept. of Labor v. Cole Enter,* 62 F.3d 775, 778-79 (6th Cir. 1995). Courts have uniformly asserted that not one factor is dispositive in making an "employer" determination and courts need to transcend the traditional notions of an employee-employer relationship. *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 195 (5th Cir. 1983), *cert. denied,* 463 U.S. 1207 (1983). In no instance has any court held that any element is "required" as Third-Party Defendant would have this Court believe. (Silverman Amended Brief at p. 8).

Courts have identified that while an individual's shareholder status or operational control are key indicators of employer status, "personal liability has been found even against a corporate officer who lacks an ownership interest in the corporation." *Donovan,* 712 F.2d at 1511 (*citing Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied,* 463 U.S. 1207 (1983). Third-Party Defendant inaccurately asserts that an individual must have a "significant ownership interest" in order to qualify as an "employer" under the FLSA (Silverman's Amended Br. at p. 8). Courts have held that the term "employer" is to be construed broadly to serve the FLSA's remedial aims, and that the statute contemplates that "there may be several simultaneous employers." *Donovan,* 712 F.2d at 1510 (*citing Falk v. Brennan,* 414 U.S. 190, 195 (1973)); *see also Falk v. Brennan,* 414 U.S. 190, 195 (1973)); *see also Bureerong v. Uvawas,* 922 F. Supp. 1450, 1467 (C.D. Cal. 1996) (noting "striking breadth" of FLSA definition of "employee"). Moreover, employer liability has been extended in the educational setting against a University of New Hampshire supervisor where the supervisor exercised control over the terms of the plaintiff's employment. *Bergstrom v. University of New*

5

*Hampshire*, 943 F. Supp. 130, 135 (D. N.H. 1996). As in *Bergstrom, supra*, this case involves a supervisor (Silverman) at the college level where the supervisor exercised substantial control over the employee (Finke).

In this instance, Richard Silverman qualifies as a "joint-employer" of Finke. Mr. Silverman has exhibited the requisite control over Finke's employment while Dean of Instruction and Educational Services and was responsible for the control and management of Finke's working hours and conditions. (Rorie Decl. at ¶¶ 4-6). Mr. Silverman held a high level supervisory and managerial position at the College, and had a high level of operational control in the workplace. (*Id.* at ¶ 3) He has even admitted to having responsibility for many of the day-to-day operations of the College. (Silverman Declaration at ¶ 4). Additionally, Mr. Silverman took direct responsibility for Finke's action in the workplace, signed Finke's time sheets, and ultimately possessed direct knowledge and partial control over the terms of Finke's compensation. (Rorie Decl. at ¶ 4). Mr. Silverman also, unilaterally supervised and "employed" Finke's "special projects" and even continued to "employ" and "supervise" Finke's "special projects," against College policy, after Mr. Finke was discharged. (*Id.* at ¶ 6). Adhering to the expansive interpretation of the FLSA, Mr. Silverman qualifies as Finke's "employer" for the purposes of this action.

**B.    Rorie's "Declaration" Must Be Considered If "Silverman's Declaration" Is Considered.**

Mr. Silverman's attempt to create new facts in the pleadings with his "Declaration" should be disregarded by the court on a Rule 12(b)(6) motion. While Fed. R. Civ. P. 12(b)(6) gives the court discretion to accept and consider the facts alleged in the pleadings, documents attached

6

as exhibits or incorporated by reference in the pleadings, and matters of judicial notice, the court may not take into account additional facts asserted in the "declaration" because they would not constitute pleadings under Rule 7(a). *See, Santiago v. Conon, USA Inc.*, 138 F.3d 1, 4 (1st Cir. 1998) (where plaintiff invited conversion to Rule 56 after attaching sworn statement to their response to motion to dismiss).

It is well established that a district court has wide discretion to determine whether or not to accept any matters outside the pleadings in order to preserve the motion as one to dismiss. *Barrett v. Harington*, 130 F.3d 246, 252 (6th Cir. 1997) (*quoting* 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d*, § 1366, pp 491-93 (1990)). Fed. R. Civ. P.12(b)(6) requires that if matters outside of the pleading are presented in conjunction with a motion to dismiss and are not excluded by the court, then the motion shall be converted to a motion for summary judgment. *United Bhd. of Carpenters and Joiners of America v. Ohio Carpenters Health and Welfare Fund*, 926 F.2d 550, 558 (6th Cir. 1991). Reversible error may occur if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In this case, Third-Party Defendant Richard Silverman has attached to its motion to dismiss, a declaration of Mr. Silverman stating facts falling outside of the pleadings. This declaration clearly qualifies as "extrinsic material" and therefore this Court has complete discretion to exclude Mr. Silverman's declaration or in the alternative convert Third-Party Defendant's 12(b)(6) motion into one for summary judgement under Fed. R. Civ. P. 56. If Third-Party Defendant's motion is converted to one for summary judgment, Rule 12(b)(6) requires that

7

courts give all parties notice and reasonable opportunity to present all material then made pertinent by Rule 56. *In re Rockefeller Ctr. Props Sec. Litig.*, 184 F.3d 280, 287-289 (3rd Cir. 1999). Therefore, Defendant/Third-Party Plaintiff must be given an opportunity to conduct discovery and look beyond the pleadings in order to supplement the record. *See, San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

Therefore, the College believes that Mr. Silverman's declaration should be excluded from consideration on his Rule 12(b)(6) motion. However, if the court does consider the declaration, then it should also consider the enclosed declaration from College President Charles Rorie. As you can see from the Rorie Declaration, a genuine issue of material fact exists concerning whether or not Mr. Silverman is an "employer." Specifically, Mr. Silverman hired Finke, set his hours, set his pay, and otherwise determined the essential functions of his position. As such, even if he did not have authority to do so, he was acting as an "employer" within the meaning of the FLSA.

Moreover, if Mr. Silverman's "declaration" is not disregarded, the Court should also consider Rorie's Declaration, and convert Mr. Silverman's motion to one for summary judgment pursuant to Fed. R. Civ. P. 56(c). Ultimately, the motion should be denied because genuine issues of material fact exist concerning Mr. Silverman's authority.

C. **As an "Employer," Mr. Silverman is Liable for Indemnification or Contribution.**

1. **Equity Demands that Federal Courts Allow for Indemnification or Contribution against Mr. Silverman.**

The College has asserted a claim for contribution or indemnification under common law and/or the Fair Labor Standards Act. Courts have held that an individual employer along with

8

the corporate employer can be held jointly and severally liable under the FLSA for unpaid wages. *Donovan*, 712 F.2d at 1511 (citing *Donovan v. Sabine Irrigation Co. Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied*, 463 U.S. 1207, 103 S. Ct. 3537 (1983); *Marchak v. Observer Publications Inc.*, 493 F. Supp 278, 282 (D. R.I. 1980); *Brennan v. Whatley*, 432 F. Supp. 465, 469 (E.D. Tex., 1977); *Hodgson v. Royal Crown Bottling Co.*, 324 F. Supp 342, 347 (D. Miss., 1970), *aff'd*, 465 F.2d 473 (5th Cir. 1972); *Shultz v. Chalk-Fitzgerald Construction Co.*, 309 F. Supp 1255 (D. Mass., 1970)). The Supreme Court has asserted that "typically a right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability." *Northwest Airlines v. Transport Workers Union of America*, 451 U.S. 77, 86 (1981). Similarly, to sustain an indemnification or contribution claim the FLSA must create the right to indemnification/contribution, either expressly or by clear implication, or federal courts must have power to fashion a federal common law encompassing indemnification/contribution. *See, Id.* at 90; *Texas Indus. Inc. v. Radcliff Materials Inc.*, 451 U.S. 630, 638 (1981). While the FLSA and its regulations are silent as to a right of contribution or indemnification based on federal common law, the United States Supreme Court has held, "[w]here a statute is silent, a right to contribution may arise by operation of federal common law." *See, Williams v. Provident Investment Counsel Inc.*, 279 F. Supp 2d 894, 899 (2003) (citing *Texas Indus. Inc. v. Radcliff Materials Inc.*, 451 U.S. 630, 638-639 (1981). Courts have, however, split on whether a joint-employer can be held liable for indemnification or contribution purposes under the FLSA. *Maldonado v. Lucca*, 636 F. Supp 621 (D. N.J. 1986); *see also, Canjura v. Able Serv.*

9

*Contractors Inc.,* 866 F. Supp. 258, 261 (D. Md. 1994) (noting a split of authority on this matter).

In *Maldonado, supra,* the court asserted that "as in other civil actions [including FLSA], these defendants may well have a cause of action for contribution or indemnification. *Maldonado,* 636 F. Supp. at 627. Courts have also asserted that indemnification is appropriate if . . . it would be inequitable to require that party to sustain any or the burden of judgment. *See Canjura,* 866 F. Supp. at 261 (*citing Pyramid Condominium v. Morgan,* 606 F. Supp. 592, 595-596 (D. Md., 1985)).

The Sixth Circuit has so far refused to decide whether a joint-employer may seek contribution or indemnification from another joint-employer under the FLSA. *Yates v. Applied Performance Tech.,* 209 F.R.D. 143, 149 (S.D. Ohio 2002) (citing *Canjura, supra).* Case law from other circuits, however, provide little guidance in dealing with the circumstances presented by this case. None of the cases cited by Mr. Silverman contemplate "joint-employers" where one employer (Silverman) had unilateral control and supervision over the employee at issue (Finke). In fact, Mr. Silverman violated College policy by unilaterally authorizing payments to Mr. Finke after he had been discharged by the College (Shantz). Accordingly, following the logic of *Canjura, supra,* it would be inequitable to require the College to pay damages for Mr. Silverman's FLSA violations.

## 2. Michigan Law Recognizes the College's Right to Indemnification.

Michigan courts uniformly recognize three possible sources of a right to indemnification: the common law, an implied contract, and an express contract. *Oberle v. Hawthorne Metal Products Co.,* 192 Mich. App. 265, 269-270 (1991). Common law indemnity arises where the

wrongful act of one results in liability being imposed on another, and the other person may then seek indemnity from the person actually guilty of the wrong. *Tahash v. Flint Dodge Co.*, 399 Mich. 421, 425-426 (1976). Indemnity is intended to make whole again, a party who is vicariously liable to another through no fault of his or her own. *Cutter v. Massey-Ferguson Inc.*, 114 Mich. App. 28, 33 (1982). Action for indemnification shifts the entire loss from the party who has been forced to pay to the party who should properly bear the burden. *Langley v. Harris Corp.*, 413 Mich. 592, 597 (1982).

A right to indemnification is also granted to an employer against a negligent employee. *Truck Ins. Exchange v. Board of County Road Comm'rs. of Montcalm County*, 244 F. Supp. 782, 784 (W.D. Mich, 1965). In this instance, the College, as an employer, seeks its right under Michigan law for indemnification for the negligent actions of Richard Silverman. Mr. Silverman's wrongful acts may result in vicarious liability being imposed on the College and under common law, the College is free to seek indemnity from the person actually guilty of the wrong (Silverman). Forcing the College to bear the burden of any possible damages would be inequitable as Mr. Silverman admits to jointly employing Mr. Finke under various "special projects." It is only through indemnification that the College can be made whole if damages are awarded to Finke.

### 3.  Michigan Law Recognizes the College's Right to Contribution.

Michigan law states that when two or more persons become jointly or severally liable for the same injury to a person or property, there is a right to contribution among them even if judgment is not recovered against all of them. Mich. Comp. Laws Ann. § 600.2925a(1). Thus,

11

courts hold that contribution among tortfeasors is a statutory right that comes into being where two or more people cause a single injury to a third person. *Berry v. City of Belleville*, 178 Mich. App. 541, 549-550 (1989). Courts require that, "[i]n order for the right of contribution to exist, there must be two or more persons who are 'jointly and severally liable in tort for the same injury.' Equitable rules require that there be a 'common liability' between tortfeasors." *Id.* (citing *Caldwell v. Fox*, 394 Mich. 401, 417 (1975); *United States Fidelity & Guaranty Co. v. Liberty Mutual Ins. Co.*, 127 Mich. App. 365, 372-373 (1983), *lv. den.* 418 Mich. 917 (1984)).

As the FLSA imposes joint and several liability on employers, contribution arises as a statutory right under Michigan law. Mich. Comp. Laws Ann. § 600.2925a(1). The College is asserting their statutory right by seeking contribution from Mr. Silverman for those damages he has caused or contributed to as a "joint-employer" having joint and several liability. It has been established and admitted by Mr. Silverman that he directly employed and supervised Mr. Finke during which many of these violations are alleged to have occurred and Mr. Silverman's actions as a "joint-employer" establish the requisite "common liability" needed for a contribution action. To the extent that damages may be awarded to Finke, justice demands that Mr. Silverman contribute to these damages since he was primarily responsible for hiring Mr. Finke and setting the terms and conditions of his employment, as Finke's "joint-employer."

## D. The College's State Law Claims Arise Under the Same Case and Controversy as Plaintiff's FLSA Claim.

It is well settled that supplemental jurisdiction exists over a properly brought third-party complaint. *Grimes v. Mazda North American*, 355 F.3d 566, 571 (6th Cir. 2004) (citing *King Fisher Marine Serv. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir. 1990). 28 U.S.C. §

12

1367 permits district courts to exercise "supplemental jurisdiction" to decide claims that might otherwise fall outside federal jurisdiction. Supplemental jurisdiction over third-party complaints are examined more loosely than other claims because defendants are involuntarily brought into court. Accordingly, "their claims are not deemed as suspect as those of the plaintiff, who is master of his complaint." *See, Grimes, supra; United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998); *see also Bruce v. City of Middletown*, 781 F. Supp. 1013, 1016-1017 (S.D. N.Y. 1992) (exercising supplemental jurisdiction over third-party claims for indemnification and contribution).

In order to fall under supplemental jurisdiction, the claims must be "part of the case or controversy" under which the federal claim falls. 28 U.S.C. §1367(a). Courts hold, that state and federal claims form one case or controversy when they derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A "loose factual connection between the claims" is sufficient to allow for supplemental jurisdiction. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). When claims are so related, a court's exercise of jurisdiction, although not automatic, is the favored and normal course of action. *Promisel v. First American Artificial Flowers*, 943 F.2d 251, 254 (2nd Cir. 1991).

In this instance, Plaintiff's FLSA claim provides the requisite original action necessary for this court to grant supplemental jurisdiction over the College's Third-Party Complaint. The College has asserted state law claims for indemnification, contribution, breach of contract and breach of fiduciary duty, that stem directly from Plaintiff's original action. Mr. Silverman's

supervision and control, or the lack there of, form the basis for both claims. To the extent Mr. Finke can prove he is entitled to damages under the FLSA, the College will be able to assert their claims against Mr. Silverman. It is clear that both the original FLSA action and the College's Third-Party Complaint share a "common nucleus" and it is thus proper for this court to exercise jurisdiction over all claims.

## IV. **RELIEF REQUESTED**

Construing the complaint in the light most favorable to the College, accepting all factual allegations of the College as true, and drawing all reasonable inferences in the College favor, Third-Party Defendant has failed to establish that no claim has been stated. Accordingly, Third-Party Defendant's motion should not be granted. The College has decisively proven that given the facts of this case, Mr. Silverman qualifies as a "joint-employer" and has caused or contributed to the damages alleged by the Plaintiff. Additionally, all the College's state law claims arise under and are part of the same case or controversy of the original complaint, therefore justifying the grant of supplemental jurisdiction. Accordingly, Defendant/Third-Party Plaintiff Kirtland Community College respectfully requests that this Court deny Third-Party Defendant's motion to dismiss and require that they serve an answer within 10 days of this Court's order.

Respectfully submitted,

THRUN LAW FIRM, P.C.

Dated: December 21, 2004

By: Raymond M. Davis (P60428)

14

# EXHIBIT A

DETMAR FINKE,

        Plaintiff,

v.

BOARD OF TRUSTEES OF KIRTLAND
COMMUNITY COLLEGE, and KIRTLAND
COMMUNITY COLLEGE,

        Defendant/Third-Party Plaintiff,

v.

RICHARD SILVERMAN

        Third-Party Defendant.

_____/

Case No. 04-10102

Hon. David M. Lawson
Magistrate Judge Charles E. Binder

WHITE, SCHNEIDER, YOUNG & CHIODINI, P.C.
BY: JEFFREY S. DONAHUE (P48588)
Attorneys for Plaintiff
2300 Jolly Oak Rd.
Okemos, MI 48864
(517) 349-7744

THRUN LAW FIRM, P.C.
BY: RAYMOND M. DAVIS (P60428)
Attorneys for Defendant/Third-Party Plaintiff
501 S. Capitol Ave., Suite 500
P.O. Box 40699
Lansing, MI 48901-7899

HELVESTON & HELVESTON P.C.
BY: MARY ANNE HELVESTON (P37653)
Attorneys for Third-Party Defendant
65 Cadillac Square, Rm 3327
Detroit, MI 48226
(313) 963-7220

_____/

## DECLARATION OF DR. CHARLES D. RORIE

STATE OF MICHIGAN      }
                       }ss
COUNTY OF ROSCOMMON }

I, Dr. Charles D. Rorie, first being first duly sworn, hereby declare that:

1.   I reside at 60 College Drive, Roscommon, Michigan 48653.

2.   I am currently the President of Kirtland Community College. I have been employed by Kirtland College for over 4 years.

3.   In 1999, when Richard Silverman was the College's Vice President, he hired his personal friend, Detmar Finke, to work for the College performing computer related functions. At the time of Finke's employment, Richard Silverman was the most influential administrator for the College, as the former college president at that time was unable to perform many daily functions because of her health. Mr. Silverman also served as the Interim-President of the College during portions of Mr. Finke's employment.

4.   Mr. Finke had previously been an adjunct employee of the College and had been denied a contract renewal for among other things, failing to keep a log of his work and failing to obtain prior approval for College related purchases. When Richard Silverman solely hired Mr. Finke to perform the computer technology job, Mr. Silverman never posted the job opening, never conducted a formal interviewing or hiring process, never obtained a memorandum of hiring approval from the college president and never sought board approval for Mr. Finke's hiring. Mr. Silverman never submitted a formal job title or job description to Human Resources. Eventually, Mr. Finke submitted a job

description that listed tasks that were either unnecessary or being performed by other employees. During all times relevant, Mr. Silverman controlled and supervised Finke's actions and looked after and protected Mr. Finke.

5. Mr. Silverman also employed Mr. Finke under some type of "special project" job function. Working under Mr. Silverman's "special project," Mr. Finke was under Silverman's complete control and it has never been discovered what functions Mr. Finke performed, if any.

6. At all times, Richard Silverman possessed substantial control over Detmar Finke's employment terms and working conditions and was responsible for his hiring. Richard Silverman allowed Mr. Finke to work from home with an unlisted phone number, while unsupervised and without any record of what work, if any, was ever performed. Mr. Silverman set Detmar Finke's pay, hours, approved his time sheets, and even continued to authorize non-approved "special project" pay to Detmar Finke after he was discharged by the College. College policy prohibits such authorization of payments to non-employees.

7. Mr. Finke was eventually discharged by the College for among other reasons, refusing to work at the College facility instead of from home. He has now retaliated by filing this lawsuit under the Fair Labor Standards Act based in part on time sheets that were approved and authorized by Richard Silverman.

I declare the above information to be true to the best of my knowledge, information, and belief.

Dated: December 1, 2004

Charles D. Rorie

Dr. Charles D. Rorie

Subscribed and sworn to before me this 1st day of December, 2004.

Kathryn A. Koch, Notary Public
Crawford County, Acting in Roscommon County, Michigan
My Commission Expires: March 7, 2005



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DETMAR FINKE,

        Plaintiff,

v.

BOARD OF TRUSTEES OF KIRTLAND
COMMUNITY COLLEGE, and KIRTLAND
COMMUNITY COLLEGE,

        Defendant/Third-Party Plaintiff,

v.

RICHARD SILVERMAN,

        Third-Party Defendant.

_____/

Case No. 04-10102

Hon. David M. Lawson
Magistrate Judge Charles E. Binder

WHITE, SCHNEIDER, YOUNG & CHIODINI, P.C.
BY: JEFFREY S. DONAHUE (P48588)
Attorneys for Plaintiff
2300 Jolly Oak Rd.
Okemos, MI 48864
(517) 349-7744

THRUN LAW FIRM, P.C.
BY: RAYMOND M. DAVIS (P60428)
CULLEN B. CASEY (P67552)
Attorneys for Defendant/Third-Party Plaintiff
501 S. Capitol Ave., Suite 500
P.O. Box 40699
Lansing, MI 48901-7899
(517) 484-8000

HELVESTON & HELVESTON, P.C.
BY: MARY ANNE M. HELVESTON (P37653)
Attorneys for Third-Party Defendant
65 Cadillac Square, Rm. 3327
Detroit, MI 48226
(313) 963-7220
_____/

**PROOF OF SERVICE**

THRUN LAW FIRM, P.C.

STATE OF MICHIGAN )
                     )ss
COUNTY OF INGHAM )

Kintla A. Ernst, being first duly sworn, deposes and says that she is employed with the Thrun Law Firm, P.C., and that on December 21, 2004, she caused to be served Defendant/Third-Party Plaintiff's Brief in Opposition to Third-Party Defendant's Motion to Dismiss together with a copy of the Proof of Service upon Attorneys of Record: Jeffrey S. Donahue, White, Schneider, Young & Chiodini, P.C., 2300 Jolly Oak Road, Okemos, Michigan 48864, and Mary Anne M. Helveston, Helveston & Helveston, P.C., 65 Cadillac Square, Rm. 3327, Detroit, MI 48226, by enclosing same in a well-sealed envelope properly addressed as indicated above with postage fully prepaid and by depositing same in a U.S. Postal Service receptacle.

Kintla A. Ernst

Subscribed and sworn to before me
on December 21, 2004.

Alicia F. Morris
Notary Public, State of Michigan
County of Ingham
My commission expires: 3-14-2007
Acting in the County of Ingham

2